UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

Eastern District of Kentucky
FILED
FEB 20 2020
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

Civil Action No. 18-114-HRW

**SHEILA J. RATLIFF,**                                  **PLAINTIFF,**

v.        **MEMORANDUM OPINION AND ORDER**

**ANDREW SAUL,**
**COMMISSIONER OF SOCIAL SECURITY,**         **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on in December 2016, alleging disability beginning in October 2010, due to back problems, leg problems, neck problems, shoulder problems, bilateral carpal tunnel syndrome, heart arrythmias, depression and anxiety (Tr. 213). However, she changed her alleged date of onset to November 17, 2015, following a prior administrative determination that she was not disabled in September of 2015 (Tr. 71-84). Her date last insured is December 31, 2016 (Tr. 21). Therefore, for the purposes of *this* application, the relevant time period of inquiry in November 20156 through December 2016.

Her application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted via video by Administrative Law Judge

Melinda Wells (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Dennis King, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 19-31). Plaintiff was 49 years old on her date last insured. She has a high school degree and one year of college education (Tr. 214). Her past relevant work experience consists of work as a UPC clerk and department manager. *Id.*

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful during the period of ajudication, November 17, 2015 through December 31, 2016 (Tr. 21).

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease of the lumbar spine, degenerative joint disease of the right shoulder, carpal tunnel syndrome,

hypertension, cardiac arrhythmia, major depressive disorder and generalized anxiety disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 21-22).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 22-25).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 30) but determined that she has the residual functional capacity ("RFC") to perform a range of light work as defined in 20 C.F.R. § 404.1567(b) (lifting and carrying 10 pounds frequently and 20 pounds occasionally) with only standing and walking one hour at a time before needing to sit for 15 minutes and for a total of only four hours in an eight-hour workday; occasionally climbing ramps and stairs, stooping, kneeling, crouching, crawling, and reaching overhead with her right arm (frequently in other directions with that arm); never climbing ladders, ropes, or scaffolds; and avoiding more than occasional exposure to vibration, extreme cold, wetness, and hazards (Tr. 24-25). The ALJ also limited Plaintiff to performing only simple instructions, performing only low-stress work (no fast-paced production quotas or strict time limits), and interacting with others only occasionally (Tr. 25).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 30).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary

3

Judgment and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ improperly applied res judicata and collateral estoppel and res judicata to deny her claim; (2) the ALJ did not properly weigh the medical source opinions; (3) the ALJ did not properly evaluate her subjective complaints of pain and (4) the ALJ improperly relied upon the testimony of the VE.

4

## C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ improperly applied res judicata and collateral estoppel and res judicata to deny her claim. Yet, in this case, the ALJ considered the time period from November 2015 to December 2016, whereas the prior ALJ considered the time period from December 2012 through September 2015 (Tr. 71-84). Both res judicata and collateral estoppel require an identity of issues. *See generally, Kane v. Magna Mixer* Co., 71 F.3d 555 (6th. Cir. 1995). Given that two entirely different time period were reviewed, neither res judicata or collateral estoppel applies. The Sixth Circuit has explicitly held that res judicata does not apply when a claimant files a subsequent application for benefits for an entirely *different* time period. *Earley v. Comm'r of Social* Security, 893 F.3d 929, 933 (6th Cir. 2018).

To the extent that Plaintiff argues that the current ALJ's review of the prior ALJ's decision raises some sort of preclusion, she misstates the law. ALJs are permitted to review prior ALJ findings, but are not bound by those findings; rather, ALJs should give a "fresh review" of the record in adjudicating later applications that involve distinct time periods. *Id.* at 934.

Here, the ALJ did just that and reasonably found that nothing about the post-September 2015 evidence showed that Plaintiff's conditions rendered her more limited than she was during the prior period of adjudication (Tr. 29).

Plaintiff's second claim of error is that the ALJ did not properly weigh the medical source opinions. Specifically, she asserts that the ALJ should have deferred to the opinion of her treating physician, Suzanne Ford, M.D.

In assessing the medical evidence supplied in support of a claim, there are certain governing standards to which an ALJ must adhere. Key among these is that greater deference is

5

generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule. See SSR 96☐2p, 1996 WL 374188 (July 2, 1996); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir.2004). If the opinion of the treating physician as to the nature and severity of a claimant's conditions is ☐well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record,☐ then it will be accorded controlling weight. *Wilson*, 378 F.3d at 544.

The ALJ reviewed the records and opinion submitted by Dr. Ford yet gave them little weight. The ALJ Dr. Ford's opinion of dire physical impairment to be inconsistent with the record as a whole. For example, the ALJ pointed out that the record showed that examinations of Plaintiff were generally normal with the exception of some intermittent limited lumbar spine and right shoulder range of motion and an abnormal gait (Tr. 29; *see* Tr. 428-29, 449, 455, 472-73, 490-91, 508. The ALJ also noted that, while nerve conduction studies showed evidence of bilateral carpal tunnel syndrome, neurological deficits were not noted on examinations (Tr. 29, *see, e.g.*, Tr. 422, 428-29, 449, 455, 472-73, 490-91, 508).

The Court finds that the ALJ gave good reasons, supported by the record, for rejecting Dr. Suzanne Ford's opinion. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th 2004)( The ALJ must provide "good reasons" for discounting a treating physician's opinion, and the reasons must be "sufficiently specific" so any reviewers will know the ALJ's reasoning for ascribing a particular weight to the opinion).

Plaintiff also contends that the ALJ did not properly evaluate her subjective complaints of pain.

6

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). In this case, the ALJ found Plaintiff's credibility to be "poor" with regard to her allegations of disabling pain. (Tr. 22). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986).

It is clear from the decision, that the ALJ thoroughly reviewed the medical record and carefully considered Plaintiff's testimony. The Court notes that the RFC credits her claims of back, leg and mental impairment. Indeed, the ALJ assessed an extremely limited RFC. As for Plaintiff's allegation of disabling impairment, the ALJ found a lack of support for the same in the medical record. To the extent that Plaintiff suggests that this evidence is open to another interpretation that favors her claim, the Court declines to reweigh the evidence in this fashion. If the Commissioner's decision denying benefits is supported by substantial evidence, as it is here, the Court must affirm that decision. *Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005).

Finally, Plaintiff maintains that the ALJ improperly relied upon the testimony of the VE. Specifically, she argues that the ALJ should have included additional limitations in her hypothetical to the VE.

With regard to the hypothetical question posed to the VE, the Court finds that it accurately portrayed the Plaintiff's abilities and limitations, as required by *Varley v. Secretary of Health and Human Services*, 820 F.2d 777 (6th Cir. 1987) and its progeny. This rule is

necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

Based upon the credible medical evidence in the record and evaluation of claimant's daily activities, the ALJ crafted a hypothetical which accurately contemplated the same (Tr. 47-54). In response to the ALJ's hypothetical, the VE cited to a significant number of jobs the hypothetical individual could perform, such as mail sorter and traffic checker. The VE's responsive testimony provided substantial evidence to support the ALJ's decision that claimant was not disabled.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 20th day of February, 2020.

Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge